**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**RAS SHAKUULA QIONNA, RAS DULLAH TAFARI,
and RAS NOBLE CENTURION TAFARI**                          **PLAINTIFFS**

**V.**                                                                              **NO. 4:06MC002-JAD**

**CHRISTOPHER EPPS,**                                                      **DEFENDANT**

## OPINION

Upon further consideration of the Plaintiffs' complaint and the files and records in this action, the court finds that orders dated May 23, 2005 and August 2, 2005, required Plaintiffs to file separate complaints and motions for *in forma pauperis* status. Plaintiffs were warned that his failure to timely comply with the requirements of an order might lead to dismissal of their lawsuit.

Despite having received both orders, months has passed and these Plaintiffs have not filed separate complaints nor have the submitted separate *in forma pauperis* motions..

Rule 4l(b), Federal Rules of Civil Procedure, provides, *inter alia*,

> For failure of the plaintiff to prosecute or to comply with these Rules
> or any order of the court defendant may move for dismissal of an action
> or of any claim against him.

Even though the Rule speaks in terms of dismissal on motion of a defendant, it is now settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (l962); *Lopez v. Aransas County Independent School District*, 570 F.2d 54l, 544 (5th Cir. l978). Rule 4l(b) further provides, *inter alia*:

> Unless the court in its order for dismissal otherwise specifies, dismissal
> under this subdivision and any dismissal not provided for in this rule,
> other than a dismissal for lack of jurisdiction, for improper venue, or
> for failure to join a party under Rule l9, operates as an adjudication
> upon the merits.

Since Defendant has never been called upon to answer Plaintiffs' complaint, and has never appeared in this action, and since the court has never considered the merits of Plaintiffs' claims, the

court's order of dismissal should provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. l976).

       A final judgment in accordance with this opinion will be entered.

       THIS the 8th day of September, 2006.

                                            /s/ Glen H. Davidson
                                            Chief Judge